Matthew A. Rosenthal (SBN 279334)
matt@westgatelaw.com
Westgate Law
15760 Ventura Blvd, Suite 880
Los Angeles, CA  91436
Tel: (818) 200-1497
Fax: (818) 574-6022
Attorneys for Plaintiff,
HEATHER PROFFITT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER PROFFITT,<br><br>    Plaintiff,<br><br>  vs.<br><br>FRIEND TRUSTED, INC,<br><br>    Defendant(s). | Case No.: 3:17-cv-281<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## COMPLAINT FOR DAMAGES

## INTRODUCTION

1.      Heather Proffitt (Plaintiff) brings this action to secure redress from Friend Trusted Inc. (Defendant) for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].

- 1 -

## JURISDICTION AND VENUE

2.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, and Defendant transacts business here.

## PARTIES

4.      Plaintiff is an individual, residing in Jefferson, Kentucky.   Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.

5.      Defendant, Friend Trusted, Inc. ("Defendant"), is a Delaware corporation which utilizes various internet based platforms aimed at consumer commerce with a principal place of business in Melo Park, California and is a "person" as defined by 47 U.S.C. § 153 (10).

## FACTUAL ALLEGATIONS

7.      During 2016, Defendant sent scores of automated text messages to Plaintiff's cellular telephone number ending in 9405, which Plaintiff has possessed exclusively for years.

8.      Defendant sent its text messages to Plaintiff's cellular telephone from telephone numbers 814-281-5514 and 502-234-2877.  In sum, Defendant has sent around 100 such text messages to Plaintiff's cellular telephone.

9.      The purpose of Defendant's texts was to solicit an individual into accepting a potential job opportunity submitted by a user of the website www.gosmith.com. Plaintiff asked Defendant how they obtained her telephone number. Defendant advised Plaintiff that their system automatically finds contractors closest to the homeowner, it could be her website or other online listings her company may be listed on. When Plaintiff advised Defendant she is not

interested, Defendant responded "Just checking why you're not interested? There's no monthly fee, and you can give quote online for free. It is only a small fee for a guaranteed appointment".   For example, scores of the automated text messages Defendant sent to Plaintiff's cellular telephone advised Plaintiff of a "jobs" in Louisville, Bullitt, Shepherdsville and Kennesaw, and gave a website link to the posting on Defendant's website, www.gosmith.com, to review and ultimately accept the "job"  Specifically, the texts described above read as follows:

10.    Plaintiff is not a registered user of Defendant's site, www.gosmith.com, nor has Plaintiff ever provided her cellular telephone number to Defendant in any fashion to receive such automated text messages.

11.    Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to send its text messages to Plaintiff seeking to solicit business. The informal and impersonal nature of the text messages sent (i.e., Plaintiff was never referred to by name – thus not a customized message sent manually to Plaintiff, but instead a mass automated text message) and the use of hyperlinks in the text messages referring Plaintiff to Defendant's site to review the "jobs" in Louisville, Bullitt, Shepherdsville and Kennesaw is indicative of the use of an automatic telephone dialing system..

12.    Defendant's text messages constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

13.    Defendant's text messages were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*..

14.    Plaintiff has no business relationship with Defendant whatsoever and never provided Defendant with her cellular telephone number for any purpose. Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive

text messages using an automatic telephone dialing system on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

15.     As a result of Defendant's alleged violations of law by placing these automated text messages to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a. Invading Plaintiff's privacy;

b. Electronically intruding upon Plaintiff's seclusion;

c. Intrusion into Plaintiff's use and enjoyment of their cellular telephones;

d. Impermissibly occupying minutes, data, availability to answer another text, and various other intangible rights that Plaintiff have as to complete ownership and use of their cellular telephones;

e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted text messages and attempting to stop Defendant's unwanted text messages.

## FIRST CAUSE OF ACTION
### (Violations of the TCPA, 47 U.S.C. § 227)

26.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

27.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

28.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et*

*seq.*, Plaintiff is entitled an award of $500.00  in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

29.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.    Actual damages.

B.    Statutory damages;

C.    Costs and reasonable attorney fees;

D.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

E.    For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Date: January 19, 2017                  RESPECTFULLY SUBMITTED,

By:/s/ Matthew A. Rosenthal
Matthew A. Rosenthal
Attorney for Plaintiff,
HEATHER PROFFITT

COMPLAINT FOR DAMAGES